# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAYL THERESE PAYTON,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2659** |
| **TOURO INFIRMARY HOSPITAL, ET AL.,**  Defendants | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court are two motions to dismiss Plaintiff's complaint with prejudice as frivolous filed by Defendant Douglas N. Lurie[1] and Defendants Touro Infirmary Hospital and Touro at Home[2] pursuant to 28 U.S.C. § 1915(e). Plaintiff opposed Defendants' motions.[3] For the following reasons, Defendants' motions are **GRANTED.**

## BACKGROUND

In her complaint, Plaintiff Gayl Therese Payton asserts the basis for this Court's jurisdiction is federal question under 28 U.S.C. § 1331, but describes her action as based on medical "malpractice."[4] Plaintiff alleges Defendants were negligent in treating her knee on May 25, 2015 and failing to diagnose an infection following her knee replacement procedure.[5] Plaintiff does not identify any federal statute, treaty, or provision of the United States Constitution on which her action is based.[6] On December 9, 2020, Plaintiff filed an amended complaint containing the same basis of jurisdiction.[7]

---

[1] R. Doc. 7.
[2] R. Doc. 13.
[3] R. Doc. 12, 17.
[4] *Id.* at 3.
[5] R. Doc. 7-1 at 1-2.
[6] *Id.*
[7] R. Doc. 11.

1

Plaintiff has filed multiple actions in federal court asserting a medical malpractice claim against the Defendants.[8,9] On June 11, 2019, Plaintiff, pro se, filed her first complaint in federal court,[10] which this Court dismissed without prejudice for lack of subject matter jurisdiction.[11] On November 12, 2019, Plaintiff, pro se, filed her second complaint in federal court under inapplicable state law and statute.[12] On March 12, 2020, Plaintiff amended this second complaint[13] in response to Defendants' motion to dismiss. The Court dismissed Plaintiff's claims without prejudice on May 19, 2020.[14] On June 4, 2020, Plaintiff filed her third complaint in federal court.[15] On August 5, 2020, Plaintiff amended her third complaint.[16] This Court dismissed the complaint without prejudice on August 5, 2020.[17] On September 28, 2020, Plaintiff filed the complaint in the instant action.[18] On December 9, 2020, Plaintiff filed an amended complaint.[19] Defendants moved to dismiss Plaintiff's fourth complaint based on the same facts as frivolous.[20]

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[21] Under 28 U.S.C. § 1331, federal

---

[8] R. Doc. 7-1 at 1-2.
[9] Prior to filing a complaint in federal court, Plaintiff and her then counsel brought Plaintiff's malpractice allegations against Defendants before a medical review panel, as required by the Louisiana Medical Malpractice Act. *See* La. R. S. 40:1231.8. The medical review board unanimously found there was no breach of the standard of care by the Defendants. *Gayle Therese Payton v. Touro Infirmary Hospital, et al.*, E.D. La., No. 2:20-cv-1618, R. Doc. 7-2.
[10] *Gayle Therese Payton v. Touro Infirmary Hospital, et al.,* E. D. La., No. 2:19-cv-11147, R. Doc. 1.
[11] *Id*. at R. Doc. 20, 21.
[12] *Gayle Therese Payton v. Touro Infirmary Hospital, et al.,* E.D. La., No. 2:19-cv-13602, R. Doc. 1.
[13] *Id*. at R. Doc. 18
[14] *Id*. at R. Doc. 25.
[15] *Gayle Therese Payton v. Touro Infirmary Hospital, et al.*, E.D. La., No. 2:20-cv-1618, R. Doc. 1.
[16] *Id*. at 24.
[17] *Id*. at .25.
[18] R. Doc. 1.
[19] R. Doc. 11.
[20] R. Doc. 7, 13.
[21] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 does not apply, however, in cases in which the federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or "is wholly insubstantial and frivolous."[22] The party asserting jurisdiction bears the burden of establishing the district court possesses subject-matter jurisdiction.[23]

Defendants argue Plaintiff's complaint should be dismissed with prejudice as frivolous because she has failed to even attempt to identify any federal question as a basis for jurisdiction.[24] Defendants note the Fifth Circuit, considering the distinct features of *in forma pauperis* proceedings en banc, held "dismissals as frivolous or malicious should be deemed to be dismissed with prejudice unless the district court specifically dismisses without prejudice."[25] The Court has previously recognized Plaintiff's attempts to assert federal jurisdiction were frivolous.[26] Defendants argue dismissal with prejudice is necessary, as Plaintiff has been undeterred by the Court's prior dismissals.[27] Plaintiff argues she did not submit her claim in bad faith, and has not intended to harass, delay, or embarrass the Defendants.[28] The fact indicate otherwise.

Defendants also point out that, under Louisiana law, Plaintiff's medical malpractice action is subject to a prescriptive period of one year from the date of the

---

[22] *Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'").
[23] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[24] R. Doc. 7-1 at 4.
[25] *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).
[26] *Gayl Therese Payton v. Touro Infirmary Hospital et al.*, E.D. La., No. 2:20-cv-1618, R. Doc. 25 (E.D. La. Aug. 5, 2020).
[27] R. Doc. 7-1 at 4.
[28] R. Doc. 17-1.

3

alleged malpractice, unless delayed discovery is alleged.[29] According to Plaintiff's allegations, the alleged malpractice occurred between May 20, 2015 and May 29, 2015.[30] Plaintiff did not allege delayed discovery.[31] Plaintiff requested a review by the medical panel on May 17, 2016, and received the review panel's opinion on March 18, 2019.[32] Defendants argue Plaintiff had until June 29, 2019 to file suit in a court of competent jurisdiction or serve Dr. Lurie with process.[33] Plaintiff filed her first complaint in the Eastern District of Louisiana on June 11, 2019, but failed to file in a court of competent jurisdiction.[34] Dr. Lurie was not served with the complaint until July 2, 2019, after the prescription on Plaintiff's claim had already run.[35] Defendants argue because Plaintiff's claim is time-barred by the applicable prescriptive period under Louisiana law, a dismissal with prejudice is appropriate.[36] Plaintiff does not provide an argument that the complaint has been filed within the applicable prescriptive period.[37]

Plaintiff has failed to establish the Court has subject-matter jurisdiction over this case. In her complaint and amended complaint, Plaintiff fails to identify any federal question at issue in the case.[38] Plaintiff claims the Court may exercise federal question jurisdiction over this case by citing the legal concepts of medical malpractice and negligence.[39] Because neither legal concept is a federal statue, treaty, or part of the United

---

[29] La. R. S. 9:5628.
[30] R. Doc. 1 at 4-5.
[31] *Id.*
[32] R. Doc. 7-3.
[33] R. Doc. 7-1 at 6.
[34] *Gayle Therese Payton v. Touro Infirmary Hospital, et al.,* E. D. La., No. 2:19-cv-11147, R. Doc. 20, 21.
[35] *Id.* at 13.
[36] *See McClintock v. School Board of East Feliciana Parish*, 299 Fed. Appx. 363, 366 (5th Cir. 2008) (the Fifth Circuit affirmed the district court's dismissal with prejudice because procedural defects could not be cured).
[37] R. Doc. 12, 17.
[38] *See* R. Doc. 1, 11.
[39] R. Doc. 1 at 3.

States Constitution, Plaintiff's references to medical malpractice and negligence "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction," and "[are] wholly insubstantial and frivolous."[40] In conclusion, the allegations of Plaintiff's complaint are frivolous, include procedural defects that cannot be cured, and do not establish the Court has federal question jurisdiction over this case.

## CONCLUSION

Accordingly, Plaintiff's claims against Defendants Douglas N. Lurie, Touro At Home, and Touro Infirmary Hospital are **DISMISSED WITH PREJUDICE**.

**Clerk to Notify via Mail:**

Gayl Therese Payton
8801 Lake Forest Blvd. Apt. 17502
New Orleans, Louisiana 70128

**Clerk to Notify via E-mail:**

Gayl Therese Payton
gaylpayton@mac.com

**New Orleans, Louisiana, this 28th day of January, 2021.**

　　　　　　　　　　　　　　　　　　_Susie Morgan_
　　　　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[40] *Bell*, 327 U.S. at 682 (internal quotations removed).