## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GAYL THERESE PAYTON,**
   **Plaintiff**

**VERSUS**

**TOURO INFIRMARY HOSPITAL, ET AL.,**
   **Defendants**

**CIVIL ACTION**

**NO.  20-2659**

**SECTION: "E"**

## ORDER AND REASONS

Before the Court are Defendants' Motions for Rule 11 Sanctions and to Enjoin Future Filings against Plaintiff, Gayl Therese Payton.[1] For the reasons that follow, the Defendants' Motion for Rule 11 Sanctions is **DENIED** and Defendants' Motion to Enjoin Future Filings is **GRANTED**.

## BACKGROUND

On January 28, 2021, the Court dismissed with prejudice Plaintiff's claims against the Defendants as frivolous.[2] At that time, the Court ordered Plaintiff to show cause on February 11, 2021, as to why she should not be enjoined from future filings based on the facts alleged in this action and why monetary sanctions should not be imposed on her.[3] The hearing was held on Thursday, February 11, 2021 at 10:00 a.m. via telephone, during which Plaintiff and Defendants made their arguments.[4]

Plaintiff has filed multiple actions in federal court asserting a medical malpractice claim against the Defendants based on the same factual allegations.[5] On June 11, 2019, Plaintiff, pro se, filed her first complaint in federal court,[6] which this Court dismissed

---

[1] R. Docs. 14, 15.
[2] R. Doc. 20.
[3] R. Doc. 21.
[4] R. Doc. 23.
[5] R. Doc. 7-1 at 1-2.
[6] *Gayle Therese Payton v. Touro Infirmary Hospital, et al.,* E. D. La., No. 2:19-cv-11147, R. Doc. 1.

without prejudice for lack of subject matter jurisdiction.[7] On November 12, 2019, Plaintiff, pro se, filed her second complaint in federal court under inapplicable state law and statute.[8] On March 12, 2020, Plaintiff amended this second complaint[9] in response to Defendants' motion to dismiss. The Court dismissed Plaintiff's claims without prejudice on May 19, 2020.[10] On June 4, 2020, Plaintiff filed her third complaint in federal court.[11] On August 5, 2020, Plaintiff amended her third complaint.[12] This Court dismissed the complaint without prejudice on August 5, 2020.[13] On September 28, 2020, Plaintiff filed the complaint in the instant action.[14] On December 9, 2020, Plaintiff filed an amended complaint.[15] Defendants moved to dismiss this action with prejudice based on the same facts as the previous three actions as frivolous.[16] The Court granted the Defendants' motions.[17]

## LAW AND ANALYSIS

Federal courts have "the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions" as a means to preserve the "independence and constitutional role of Article III courts."[18] District courts have jurisdiction to impose a pre-filing injunction in order to

---

[7] *Id.* at R. Doc. 20, 21.
[8] *Gayle Therese Payton v. Touro Infirmary Hospital, et al.,* E.D. La., No. 2:19-cv-13602, R. Doc. 1.
[9] *Id.* at R. Doc. 18
[10] *Id.* at R. Doc. 25.
[11] *Gayle Therese Payton v. Touro Infirmary Hospital, et al.*, E.D. La., No. 2:20-cv-1618, R. Doc. 1.
[12] *Id.* at 24.
[13] *Id.* at .25.
[14] R. Doc. 1.
[15] R. Doc. 11.
[16] R. Doc. 7, 13.
[17] R. Doc. 20.
[18] *Baum v. Blue Moon Venture, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)).

one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court docket."[26] Defendants also point out the costs incurred each time they are force to respond to Plaintiff's frivolous complaints.[27]

During Plaintiff's show cause hearing, the Defendants made clear their priority is to enjoin future filings to avoid harassment by the Plaintiff. The Court finds imposing monetary sanctions on the Plaintiff is not necessary and may not be effective in this case. However, in considering the above four factors enumerated by the Fifth Circuit, the Court finds a pre-filing injunction is warranted.

## CONCLUSION

**IT IS ORDERED** Defendants' Motions for Rule 11 Sanctions[28] are **DENIED**. Defendants' Motions to Enjoin Future Filings are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Gayl Therese Payton is foreclosed from filing any new lawsuit arising out of the facts alleged in this action, absent prior approval from the Court.

**Clerk to Notify via Mail:**
Gayl Therese Payton
8801 Lake Forest Blvd. Apt. 17502
New Orleans, Louisiana 70128

**Clerk to Notify via E-mail:**
Gayl Therese Payton
Gaylpayton2@mac.com

**New Orleans, Louisiana, this 12th day of February, 2021.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[26] *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[27] R. Doc. 14-1 at 5.
[28] R. Doc. 14, 15.

4